UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GLENN A. HARRIS, #24053-056,

    Petitioner,

v.                                                                   ACTION NO. 2:13cv596

WARDEN ERIC WILSON,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

The undersigned recommends that the Petition for writ of habeas corpus be recharacterized as a motion pursuant to 28 U.S.C. § 2255, and then DENIED and DISMISSED because this Court has no jurisdiction over a § 2255 motion.

### I. STATEMENT OF THE CASE

**A. Background**

Petitioner Glenn Harris is a federal prisoner presently confined at the Federal Correctional Institution in Petersburg, Virginia.

In February 2001, Petitioner was convicted of possession with intent to sell and deliver cocaine, and possession with intent to sell and deliver marijuana. Defendant's Memorandum of

Law in Support of Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255, ECF No. 11-1 at 2.

On May 13, 2004, Petitioner was charged with two counts of possessing with intent to distribute more than five grams of crack cocaine. *Id.* at 1. On July 12, 2004, he entered a guilty plea in the United States District Court for the Eastern District of North Carolina. *Id.* At sentencing, Petitioner was designated as a Career Offender, with a guideline range of 188-235 months, and on August 8, 2005, he was sentenced to 188 months in prison. *Id.* at 1-2. On August 9, 2005, Petitioner filed a notice of appeal. Notice of Appeal, ECF No. 11-3. The Fourth Circuit dismissed this appeal on January 5, 2006. Order, ECF No. 11-4.

On August 17, 2011, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the defendant pled guilty to federal drug trafficking, and the district court held that "his prior state conviction for marijuana possession, for which he faced no possibility of imprisonment, was for an offense 'punishable by imprisonment for more than one year,' triggering a sentencing enhancement under the Controlled Substances Act. This enhancement doubled Simmons's minimum sentence." *Id.* at 239. Applying *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010), the Fourth Circuit ruled that the government could not use a conviction as a qualifying offense based on a hypothetical enhancement. *Id.* at 243. Likewise, courts cannot consider hypothetical aggravating factors:

> *Carachuri* also forbids us from considering hypothetical aggravating factors when calculating Simmons's maximum punishment. We again focus first on Simmons's "conviction itself," *Carachuri*, 130 S.Ct. at 2586, and his conviction makes clear that he was neither charged with nor convicted of an aggravated offense, and that he therefore could not receive a sentence exceeding one year's imprisonment. As in *Carachuri*, the "mere possibility that [Simmons's] conduct, coupled with facts

> outside the record of conviction, could have authorized" a conviction of a crime punishable by more than one year's imprisonment cannot and does not demonstrate that Simmons was actually convicted of such a crime.

*Id.* at 244-45. Dismissing hypothetical enhancements and aggravating factors, the court in *Simmons* essentially found that a conviction cannot qualify as a predicate felony unless Petitioner could have, as convicted, actually received a year in prison.

On April 25, 2012, Petitioner field a motion under 28 U.S.C. § 2255 (Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, ECF No. 11-5), and a Memorandum of Law in Support of Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255 (ECF No. 11-1) with the District Court for the Eastern District of North Carolina. He argued that, as a Level II offender committing a Class I offense, he could not have received more than 12 months for his marijuana conviction. ECF No. 11-1 at 3. Therefore, under *Simmons*, he cannot be considered a Career Offender because this conviction does not qualify as a predicate offense.

Petitioner argued that his petition was filed timely under 28 U.S.C. § 2255(f)(4)—which allows filing one year from the date on which new facts are discovered—with *Simmons*, qualifying as the new fact. The district court ruled that Petitioner's § 2255 should have been filed within one year of the final order of his conviction, and that *Simmons* did not qualify as a new fact:

> Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's own case; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations

3

> period. . . . As Mr. Harris has pointed to no court order entered in his own case or other newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4), the instant petition is untimely.

Order, ECF No. 11-6 at 2. The court also found that § 2255(f)(3) did not apply retroactively according to *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in [*Carachuri-Rosendo v. Holder*, 560 U.S. 563, 565 (2010)] at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."). The District Court for the Eastern District of North Carolina denied Petitioner's § 2255 motion as untimely on September 5, 2012. Order, ECF No. 11-6.

On May 23, 2013, the Fourth Circuit affirmed the district court's decision in an unpublished per curiam opinion. *United States v. Harris*, 521 F. App'x 185 (4th Cir.) (2013); ECF No. 11-7.

On August 21, 2013, the Fourth Circuit held in *Miller v. United States*, that *Simmons* was retroactive. 735 F.3d 141, 146 (4th Cir. 2013) ("Simmons, then, narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison. Thus, *Simmons* altered 'the class of persons that the law punishes,' [*Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)] and announced a substantive rule that is retroactively applicable.").

On November 4, 2013, Petitioner filed this petition under 28 U.S.C. § 2241. ECF No. 1. On February 19, 2015, Respondent filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 10.

4

**B. Grounds Alleged**

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2241 because the drug conviction that contributed to his status as a career offender no longer qualifies as a predicate offense. He claims that the maximum possible imprisonment for his 2001 marijuana conviction was eight months (ECF No. 1 at 10), and according to *Simmons*, the standard for a qualifying predicate offense for Career Offender status is whether Petitioner actually could have received over a year in prison for his conviction. Petitioner filed his § 2255 within one year of *Simmons* being decided. Further, this rule is retroactive and could theoretically be applied to Petitioner. *Miller v. United States*, 735 F.3d 141, 146 (4th Cir. 2013).

Petitioner argues that § 2255 is inadequate, and so a § 2241 action is appropriate, because "[t]he legal theory presented at this time could not have been presented in any previous district court proceeding direct appeal, 2255. . . . *Simmons* made retroactive in *Miller* makes 2255 inadequate or ineffective." ECF No. 1 at 5.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Jurisdiction: § 2255 and § 2241**

Petitioner challenges the validity of his sentence and not the execution of his sentence, and therefore the proper forum for his challenge is a motion under 28 U.S.C. § 2255, which should be filed in the district that imposed the sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."); *Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A 28 U.S.C. § 2255 petition attacks the legality of

5

detention. . . .").

The basis for a writ of habeas corpus under 28 U.S.C. § 2241 is a challenge to the manner in which the sentence is executed and it is brought in the custodial court. *Preiser v. Rodriguez*, 411 U.S. 485, 488 (1973); *Provenzale v. United States*, 388 F. App'x 285, 286 (4th Cir. 2010) ("A federal prisoner such as Provenzale who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, with § 2241 petitions reserved for challenges to the execution of the prisoner's sentence."); *Vial*, 115 F.3d at 1194, n.5 ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."); *Bradshaw v. Story*, 86 F.3d at 166 ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) ("The district court correctly held that it was without jurisdiction to grant such relief. A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court.").

Although 28 U.S.C. § 2255 has a "savings clause" allowing a prisoner to file a claim for relief under § 2241 in limited circumstances where § 2255 is ineffective or inadequate, Petitioner does not meet the requirements of this exception. A federal prisoner may seek relief under 28 U.S.C. § 2241 when 28 U.S.C. § 2255 proves "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255. Such relief is only available "in a limited number of circumstances," and it is "beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328,

6

333 (4th Cir. 2000) (citations omitted).

The *Jones* court held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *Id.* at 333-34.

Applied to the case at hand, the savings clause is not applicable. The savings clause in *Jones* challenges the legality of the conviction, and there is no precedent suggesting that the savings clause can be applied to challenge a sentence. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("Because our cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction, and because the only case from a sister circuit holding to the contrary has been vacated, we decline to extend the reach of § 2255's savings clause."); *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.").

Even if the savings clause could apply to challenging a sentence, Petitioner cannot meet his burden of showing that a § 2255 motion is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner."). The second prong of *Jones* requires that due to subsequent substantive changes in the law, "the conduct of which the prisoner was convicted is deemed not to be criminal." *Jones*,

7

226 F.3d at 333-34. In *Jones*, the defendant was convicted for "use" of a firearm for carrying one during drug trafficking, and then the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137 (1995) that "mere possession of firearms during and in relation to a drug trafficking offense does not constitute 'use' within the meaning of § 924(c)(1); thus, Jones [was] incarcerated for conduct that is not criminal." *Id.* at 334.

In the instant case, Petitioner's possession of cocaine and marijuana, with intent to distribute, is clearly still criminal. Therefore, § 2255 is adequate to challenge his conviction, and he does not qualify for the savings clause under *Jones*. Even if the savings clause could be used to challenge sentences rather than convictions, Petitioner does not qualify. His petition for writ of habeas corpus under § 2241 should, therefore, be considered a § 2255 motion.

This court does not have jurisdiction to entertain a § 2255 motion. *See Martinez v. Brooks*, No. CIV.A. 03-1021-AM, 2004 WL 3214416, at *2 (E.D. Va. July 26, 2004) ("A challenge to the legality of a federal prisoner's sentence must be brought pursuant to 28 U.S.C. § 2255 in the sentencing court."); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("In these circumstances, the district court lacked jurisdiction over the Habeas Motion because Rice is unable to satisfy the second prong of the *Jones* rule."). Petitioner was convicted and sentenced in Eastern District of North Carolina, and this court has no jurisdiction over his § 2255 petition. This petition should, therefore, be dismissed.

**B. Notice**

The Supreme Court and Fourth Circuit have detailed that if a petitioner has not filed a § 2255 motion, and a court converts a § 2241 motion into a first § 2255, the court must give notice to the petitioner before converting the motion. The Fourth Circuit has held that:

> if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion. The court shall also notify the movant of the § 2255 restrictions on second or successive motions, the one-year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period.

*United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002). This has been further mandated by the United States Supreme Court:

> The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

*Castro v. United States*, 540 U.S. 375, 383 (2003). While slight modifications and exceptions have been made, the general rule maintains in effect. *See United States v. Blackstock*, 513 F.3d 128, 135 (4th Cir. 2008) ("Under *Castro,* Blackstock's 2001 *pro se* motion cannot be counted as his first § 2255 petition, because the required warnings were not given before the motion was recharacterized as a § 2255 petition."); *see also Provenzale v. United States*, 388 F. App'x 285, 287 n.1 (4th Cir. 2010) ("We note that before characterizing Provenzale's filing as a § 2255 motion, the district court must provide Provenzale with the proper notice and an opportunity to respond as required by *Castro v. United States,* 540 U.S. 375, 377, (2003).").

Here, however, Petitioner has already filed a § 2255, and so this court would not be recharacterizing a litigant's motion as a "first" § 2255 motion. Notice is, therefore, not required

before converting this case to a § 2255. The reasons for giving such notice—warning Petitioner of the rules on successive petitions and filing deadlines—are moot. Petitioner appeared to be cognizant that this might be converted to a successive § 2255, and provided no substantive argument against it. ECF No. 1 at 11. To the extent that notice of further consequences would be helpful, this Report and Recommendation serves as notice to Petitioner. Petitioner is advised that to continue with this §2255 petition, he must request permission to file a successive petition with the Fourth Circuit.[1]

Both parties have also briefed the issue of statute of limitations, and this court originally granted an extension of time in order to wait for *Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) *cert. denied*, No. 14-1145, 2015 WL 1278533 (U.S. June 29, 2015). ECF No. 9. It is true that *Miller v. United States*, 735 F.3d 141, 146 (4th Cir. 2013) and *Whiteside* are more recent than *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012), the case on which Petitioner's original § 2255 was dismissed. Nevertheless, this court lacks jurisdiction over petitioner's § 2255, and has no authority to rule whether this motion is timely.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's petition for writ of habeas corpus be DENIED and DISMISSED because Petitioner should have filed his petition pursuant to 28 U.S.C. § 2255, and this Court has no jurisdiction over a § 2255 motion.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

---

[1] The form for filing a motion under 28 U.S.C. § 2244, "Instructions for Filing Motion Under 28 U.S.C. § 2244 For Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255" is attached.

U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984)

/s/ Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

July 15, 2015
Norfolk, Virginia